IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KRISTINA QUARLES                 PLAINTIFF
ADC #760441

V.        NO: 5:14CV00302 BSM/JWC

JULIA BRIGGS                   DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.

Mail your objections to:

  Clerk, United States District Court
  Eastern District of Arkansas
  600 West Capitol Avenue, Suite A149
  Little Rock, AR 72201-3325

### DISPOSITION

Plaintiff Kristina Quarles filed a *pro se* complaint (docket entry #2) on August 11, 2014, alleging that Defendant Julia Briggs hit her with a broom handle in an August 3, 2014, incident at the Dub Brassell Detention Center.

On June 17, 2015, Briggs filed a motion to dismiss (docket entry #72). Plaintiff filed a response in opposition on July 21, 2015 (docket entry #78). FED.R.CIV.P. 8(a)(2) requires only "a

short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.

Nevertheless, in *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Supreme Court emphasized that when ruling upon a motion to dismiss in a § 1983 action, a *pro se* complaint must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).

Liberally construing Plaintiff's complaint, she has alleged enough facts to state a claim for relief regarding Brigg's alleged use of excessive force. She says that Defendant Briggs hit her with a broom. Further, the motion to dismiss is merely a denial that Defendant committed the alleged act. There is a disputed fact issue. [1] Therefore, dismissal is not appropriate at this time.

IT IS THEREFORE RECOMMENDED THAT Defendant Julia Briggs's motion to dismiss

---

[1] Defendant Broggs' motion also makes reference to Plaintiff's failure to meet a 30 day deadline. The order in question was in connection with Plaintiff's attempt to take an interlocutory appeal. Plaintiff did fail to meet the deadline, and the appeal was dismissed. That has no effect on the proceedings in this court.

(docket entry #72) be DENIED.

DATED this 29th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

(docket entry #72) be DENIED.

DATED this 29th day of July, 2015.

_____
UNITED STATES MAGISTRATE JUDGE